892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard Roy YOST, Plaintiff-Appellant,
v.
R.A. YOUNG; R.A. Lipsner; R.F. Wilson; C.D. Larsen; E.C.
Morris; W.D. Blankenship; J.A. Hubbard; D.T. Lee; E.
Murray; John Doe; Jane Doe; Central Classification Board;
Virginia Department of Corrections, Defendants-Appellees.
 No. 89-6597.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Dec. 7, 1989.
 
 Richard Roy Yost, appellant pro se.
 Eric Karl Gould Fiske (Office of the Attorney General of Virginia), for appellees.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Roy Yost, a Virginia inmate, brought this 42 U.S.C. § 1983 action challenging the Central Classification Board's (CCB) decision to maintain his classification at "C" level, or maximum security, at Bland Correctional Center. Although Yost's inmate classification score was low enough to qualify him for reclassification to "B" level custody, the CCB rejected the numerical score based on an override provision in the classification guideline.
 
 
 2
 The relevant provision of the guideline states that "an inmate's custody level will be determined by the score indicated on the applicable score sheet." The guideline goes on to say, however, that
 
 
 3
 Any inmate who attains a score by use of the above custody assignment scale, can have his numerical score and subsequent custody classification rejected on the basis of one or more of the approved overrides listed below.
 
 
 4
 The CCB's decision to override Yost's score was based upon one of the enumerated override provisions.
 
 
 5
 Yost is only entitled to due process if he has a protected liberty interest. The adoption of prison guidelines does not itself create a liberty interest. Hewitt v. Helms, 459 U.S. 460, 471 (1983). Mandatory language in a guideline may give rise to a liberty interest, and such language exists in this guideline. However, the guideline leaves a great deal of discretion, including discretion to override the enumerated score, with the CCB. Because the guideline does not limit the CCB's actions to the extent that an inmate could reasonably expect to be classified based only upon the numerical classification, the guideline does not create a liberty interest. Kentucky v. Thompson, 57 U.S.L.W. 4531 (U.S. May 15, 1989) (No. 87-1815).
 
 
 6
 Therefore, we hold that Guideline No. 823 does not create a liberty interest in a prisoner's classification level. We further hold that the district court correctly dismissed defendants the Virginia Department of Corrections and the Central Classification Board on eleventh amendment immunity grounds. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED.